Raymond **MONTELONGO**, Plaintiff,

v.

**TRANS UNION, LLC, Experian Information Solutions, Inc., and Equifax Information Services, LLC, Defendants.**

**Civil Action No. 14–4375.**

United States District Court, E.D. Pennsylvania.

Signed June 22, 2015.

---

Geoffrey H. Baskerville, Mark D. Mailman, Francis & Mailman, PC, Philadelphia, PA, for Plaintiff.

Cary M. Snyder, Jones Day, Pittsburgh, PA, Mohammad A. Ghiasuddin, Kaplin Stewart Meloff Reiter & Stein PC, Blue Bell, PA, for Defendant.

### ORDER

GERALD AUSTIN McHUGH, District Judge.

This 22nd day of June, 2015, upon consideration of Plaintiff Raymond Montelongo's Motion to Compel Defendant Experian Information, Inc. to re-produce a knowledgeable corporate representative, Defendant Experian's Response, and Plaintiff's Reply, it is **ORDERED** that Plaintiff's Motion is **GRANTED.** Defendant shall provide Plaintiff with a knowledgeable witness, without objections, as to areas 11 and 12 of Plaintiff's Rule 30(b)(6) deposition notice, within fourteen (14) days of the date of this Order. If it is not possible for Defendant to provide Plaintiff with a precise number responsive to his request, Defendant shall provide its best approximation and an explanation of how it arrived at that approximation.

### Discussion

The well-known Federal Rule of Civil Procedure 26 provides, in part, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R.Civ.P. (b)(1).

Here, Plaintiff seeks the deposition of a corporate witness for Experian who can testify about two categories of information:

- "[T]he number of lawsuits instituted against Experian based on alleged violations of the FCRA section 1681e [involving a mixed file] over the previous 5 years." Motion to Compel at 4

- "[T]he number of mixed files and number of consumer disputes that have been processed as a mixed file by Experian in the past five years." Motion to Compel at 4.

Plaintiff argues the information is relevant to show that Experian knows it has systemic problems with mixed files and nonetheless failed to implement practices that would resolve these systemic problems. In response, Experian contends the request relating to lawsuits against it seeks information that is irrelevant and that the request relating to the number of mixed files is overly burdensome.

I am persuaded that the evidence Plaintiff seeks is relevant to Plaintiff's claim. As part of his claim, Plaintiff must prove "the inaccuracy [on the credit report] was due to the defendant's failure to follow reasonable procedures to assure maximum possible accuracy." *Cortez v. Trans Union, LLC,* 617 F.3d 688, 708 (3d Cir.2010). Plaintiff explains that it seeks this discovery to show Experian was aware of widespread problems with mixing files. Data about complaints, even if they are not all accurate, and mixed files that Experian itself identified are certainly relevant to the argument Plaintiff hopes to make.

Moreover, I am not entirely persuaded that Plaintiff's request for the number of mixed records and customer disputes processed as a mixed file is overly burdensome.

Experian has provided the Court with a Declaration from an Experian records custodian, Kathy Centanni. Ms. Centanni explains, "Experian's system is not designed in a way that one could search the data to extract the disputes made by all consumers related to a certain topic—i.e. disputes related to an alleged mixed file." However Plaintiff avers "Experian voluntarily produced evidence that it investigated" many thousands of mixed files in 2007 and 2008. Reply Supporting Motion to Compel at 6. Plaintiff also cites several examples of courts either relying on similar evidence or granting similar requests for discovery. *See e.g. Valenzuela v. Equifax Information Services, LLC*, 2015 WL 1097315 at *2 (D.Ariz. March 5, 2015); *Monnan v. Trans Union, LLC*, No. 10–cv–2218 at Dkt. No. 22 (E.D.Pa. Dec. 28, 2010). Thus it appears that if Experian cannot search its system in such a way as to produce exactly the number that Plaintiff requested, Experian should be able to approximate the number and explain its methodology for approximating the number to Plaintiff. *See Valenzuela*, 2015 WL 1097315 at *1–*2 (partially granting discovery request by requiring Equifax to turn over complaints, but not requiring Equifax to search and sort the complaints itself). If Plaintiff feels Experian's method of approximation is inadequate, Plaintiff has leave to renew this Motion to Compel.